# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

CHAPTER 7
CASE NO. 16-10026

|  |  |
|---|---|
| In Re: | ) |
|  | ) |
|  | ) **COMPLAINT SEEKING EXCEPTION TO** |
| Edgar Vasquez de Miranda Neto, | ) **DISCHARGE PURSUANT TO 11 U.S.C.** |
| Debtor | ) **§ 523(a)(2), 11 U.S.C. § 523(a)(4) AND 11** |
|  | ) **U.S.C. § 523(a)(6)** |
|  | ) |
|  | ) |
| Shamrock Finance LLC, | ) |
| Plaintiff | ) |
|  | ) **Adversary Proceeding** |
| v. | ) |
|  | ) **No. _____** |
| Edgar Vasquez de Miranda Neto, | ) |
| Defendant | ) |
|  | ) |

NOW COMES Shamrock Finance LLC ("Shamrock"), a creditor in the above

captioned matter and files this Complaint seeking the exception of its claim to the debtor's,

Edgar Vasquez de Miranda Neto ("Vasquez"), discharge pursuant to *11 U.S.C. § 523(a)(2), §*

*523(a)(4)* and  *§ 523(a)(6)*. Shamrock seeks exception of Neto's discharge as it pertains to

the debt which is currently due and owing to Shamrock.  In support thereof, Shamrock states

the following:

## PARTIES

1.   Plaintiff, Shamrock, is a limited liability company organized pursuant to the laws of

the Commonwealth of Massachusetts with its principal office located at 116

Topsfield Road, Wenham, Essex County, Massachusetts 01984;

2.   Debtor, Vasquez, is upon information and belief, an individual with a residence of

104 Green Street, Reading, MA 01867;

## JURISIDICTION

3. This court has jurisdiction over the subject matter of bankruptcy proceedings pursuant to *28 U.S.C. § 1334* and *28 U.S.C. 157(a)*;

4. This is a core proceeding pursuant to *28 U.S.C. 157(b)* because the cause of action arises under Title 11 of the United States Code. Shamrock hereby consents to this Court's jurisdiction and authority.

## FACTS COMMON TO ALL COUNTS

5. Shamrock is in the business of providing floor plan financing to motor vehicle dealers for the acquisition of their inventory of motor vehicles;

6. Vasquez was in the business of acquiring and selling various motor vehicles under the business names "Stadium Auto Sales" and/or "PJ Auto Sales";

7. Shamrock entered into an agreement ("First Note") with Vasquez, individually, and the businesses, Stadium Auto Sales and PJ Auto Sales ("Stadium and PJ Auto"), where Shamrock was to provide financing services in the amount of Two Hundred Seventy Thousand ($270,000) Dollars and Vasquez, Stadium and PJ Auto are obligated to pay for such services in the usual course of Vasquez, Stadium and PJ Auto's business (See, First Note attached hereto as Exhibit "A");

8. On or around December 12, 2013 Shamrock entered into a second agreement ("Second Note") with Vasquez, Stadium and PJ Auto where Shamrock is to provide financing services in the amount of One Hundred Twenty Thousand ($120,000) Dollars and Vasquez, Stadium and PJ Auto are obligated to pay for such services in the usual course of their business (See, Second Note attached hereto as Exhibit "B");

9.  To date, Vasquez owes two hundred seventy-six thousand six hundreds forty-four and 06/100 ($276,644.06) dollars in subsequent financing advanced which exceeds the sums of money lent under the First and Second Notes;

10. In its usual course of business, Shamrock holds the Certificate of Title of the motor vehicles which it has financed for Vasquez and which are being held as collateral for financing provided;

11. Vasquez has sold numerous vehicles on Shamrock's floor plan without making required payments to Shamrock and Shamrock has been unable to locate a significant amount of those vehicles (See, Shamrock Accounting attached hereto as Exhibit "C");

12. In many instances Vasquez obtained titles to vehicles held as collateral by Shamrock by falsely and fraudulently promising to Shamrock that in exchange for possession of the titles, Vasquez would immediately remit to Stadium and PJ Auto the proceeds from the sale of each vehicle which he failed to do.

13. Shamrock is and has never been able to locate numerous cars which titles are being held as collateral by Shamrock and said cars are no longer being stored at161 Broadway, Somerville, MA 02145 as required by the First Note or 35A Everett Ave, Everett, MA 02149 as required by both Notes;

**COUNT I**
**Exception to Discharge**
**11 U.S.C. § 523(a)(2)**

14. Shamrock hereby incorporates and realleges the allegations contained in Paragraphs 1 through 13 above, as if fully set forth herein;

15. Vasquez obtained financing services from Shamrock pursuant to the terms of the Agreements;

16. Vasquez obtained such financing services from Shamrock by false pretenses, false representations or actual fraud within the meaning of *11 U.S.C. § 523(a)(2)(A)*;

17. Vasquez misrepresented to Shamrock its intent to sell the vehicles on floor plan without repaying Shamrock the principal or interest accrued upon as required pursuant to Section 8(a)(i) of the Notes which misrepresentation was false when made and upon which Shamrock reasonable relied;

18. Vasquez fraudulently represented to Shamrock its intent to store the vehicles on floor plan at a specific location pursuant to Section 8(a)(iii) of the Notes as he failed to meet this obligation which misrepresentation was false when made and on which Shamrock reasonably relied;

19. The written Agreements constitute statements in writing representing Vasquez's financial condition as he agreed to comply with the Agreements terms within the meaning of *11 U.S.C. § 526(a)(2)(B)*;

20. Vasquez's representations, which Shamrock reasonably relied upon, that he was to comply with the terms of the Agreements are materially false when made and Vasquez made the representations with the intent to deceive Shamrock in order benefit from Shamrock's financial lending;

21. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(2)*;

### COUNT II
### Exception to Discharge
### 11 U.S.C. § 523(a)(4)

22. Shamrock hereby incorporates and realleges the allegations contained in Paragraphs 1 through 21 above, as if fully set forth herein;

23. Vasquez's financial benefit has been obtained through acts of embezzlement and larceny which expressly exempts claims subject to such from discharge under *11 U.S.C. § 523(a)(4)*;

24. Vasquez breached the Agreements with Shamrock by committing acts of fraud, embezzlement and larceny as he intentionally obtained titles to vehicles by falsely promising to pay for each one as sold, by providing checks with insufficient funds to pay and failed to make payments pursuant to the terms of the Agreements while continuing to sell vehicles without titles still being held by Shamrock which resulted in over two hundred seventy-six thousand six hundred forty-four and 06/100 ($276644.06) dollars in principal to accrue over time;

25. Vasquez's intent to deceive was intentional and in violation of *§ 523(a)(4)* for fraud, embezzlement and/or larceny;

26. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(4).*

## COUNT III
### Exception to Discharge
### 11 U.S.C. § 523(a)(6)

27. Shamrock hereby incorporates and reallges the allegations contained in Paragraphs 1 through 26 above, as if fully set forth herein;

28. Vasquez's debt currently owed to Shamrock is excepted from discharge pursuant to *11 U.S.C. § 523(a)(6)*;

29. *§ 523(a)(6)* provides from an exception from discharge for willful and malicious injury by the debtor to another entity or to the property of another entity;

30. Vasquez's conduct of failing to abide by the payment terms and failing to store the

vehicles at the agreed up locations pursuant to the Agreements obtaining titles by false pretenses, and knowingly selling vehicles without title which he knew to be in the possession of Shamrock clearly demonstrates Vasquez's acts as with willful and malicious intent to injure Shamrock within the purpose of this section of the statute;

31. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(6)*

WHEREFORE, Shamrock respectfully requests;

1.  That this Honorable Court grant Count I of this Complaint and except Shamrock's claim against Vasquez from discharge;

2.  That this Court grant Count II of this Complaint and except Shamrock's claim against Vasquez from discharge;

3.  That this Court grant Count III of this Complaint and except Shamrock's claim against Vasquez from discharge;

4.  Shamrock should be awarded costs and attorney's fees in accordance with the applicable rule and/or statute; and

5.  Such further relief as this Court deems just and proper.

Respectfully submitted,
**SHAMROCK FINANCE LLC**
By its attorney,


/s/ James J. McNulty
James J. McNulty, Esq. BBO # 339940
40 Court Street, 11th Floor
Boston, MA  02108-2202
Tel. No. (617) 263-3300
jjm@jjmcnultylaw.com

Dated: May 9, 2016

*Complaint Seeking Exception to Discharge*
*11 U.S.C. § 523*

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

CHAPTER 7
CASE NO. 16-10026

|  |  |
|---|---|
| In Re: | ) |
| | ) |
| Edgar Vasquez de Miranda Neto, | ) |
| Debtor | ) |
| | ) |
| | ) |
| Shamrock Finance LLC, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Edgar Vasquez de Miranda Neto, | ) |
| Defendant | ) |

**CERTIFICATE OF SERVICE**

Adversary Proceeding

No. _____

I, James J. McNulty, counsel for **SHAMROCK FINANCE LLC**, do hereby certify that on May 9, 2016, I served the foregoing Complaint Seeking Exception to Discharge Pursuant to *11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6)*" by causing paper copies to be sent to those indicated as non-registered participants and same to be filed with the Bankruptcy Court and through the CM/ECF system via e-mail or first class mail depending on the creditor's matrix record at the addresses listed thereto.

/s/ James J. McNulty
James J. McNulty, Esq. BBO# 339940
40 Court Street, Suite 1150
Boston, MA 02108
Tel. 617-263-3300
jjm@jjmcnultylaw.com

*Complaint Seeking Exception to Discharge*
*11 U.S.C. § 523*

7