# COMMERCIAL PROMISSORY NOTE
## (LINE OF CREDIT WITH FUTURE ADVANCES)

$270,000.00

DATE:_____

_____, Massachusetts

FOR VALUE RECEIVED, the undersign Edgard Vasques de Miranda Neto DBA Stadium Auto Sales And PJ Auto Sales(the "Borrower"), promise to pay to **Shamrock Finance LLC** (together with any subsequent holders of this Note, the "Lender"), having its principal place of business at 116 Topsfield Rd Wenham, Massachusetts, or order, at the Lender's principal place of business, or at such other places that the Lender may designate to the Borrower from time to time, the principal sum of up to **Two Hundred Seventy Thousand and 00/100 ($270,000.00) Dollars** together with interest on the unpaid principal balance at the rate(s) specified in Section 1 and Section 3 below.

1. **Interest Rate.**
   a. Interest shall be calculated on a monthly basis, in arrears on the principal balance outstanding at the rate of **3.0% per month**;
   b. Interest shall be calculated on the basis of a three hundred sixty (360) day year and a 30 day month.

2. **Payments of Principal and Interest.**
   Payments of principal and interest shall be made in lawful money of the United States as follows:
   a. Commencing on _____ and continuing on the same date of each calendar week for a period of six (6) months a payment of interest on the principal balance advanced hereunder at the interest rate stated in Section 1 above shall be paid by the Borrower to the Lender via check, cash, or ACH Debt Collection from an authorized business checking account.
   b. If six (6) months expires from the inception of the loan and any vehicle acquired through the loan proceeds and not sold, then said vehicle must be sold and the funds assigned to the principal loan balance. Borrower shall have the option to renew the loan (at terms agreed to at the time by the parties) provided that a payment towards outstanding principal is made in the minimum of ten (10%).
   c. Unless previously due pursuant to Section 8(b) below, all unpaid principal and interest accrued thereon, together with all penalties, late charges, legal fees and other costs due and payable pursuant to this Note or the other loan documents evidencing or securing this Note (collectively, as amended from time to time, the "Loan Documents") given to evidence and secure this Note, shall be due and payable no later than _____. (the "Maturity Date").

3. **Prepayment.**
   a. In the event the Borrower shall elect to prepay this note, on or before _____, the borrower shall pay a prepayment fee equal to five and 00/100 (5.00%) percent of the outstanding balance of the Note.


Initials

Notwithstanding the foregoing all amounts due and payable under this Note shall be paid on or before the Maturity Date.

4. **PURPOSE:** This line of credit is being provided by the Lender under the sole and exclusive purpose of the acquisition of motor vehicles (floor planning/Cars and Trucks only) by the borrower. The collateral for the loan will be the Title Certificates, which shall be held by the lender under a Collateral Assignment Agreement. Additionally

   i) The Lender shall have an insurable interest in the business of the borrower and shall be listed as a "loss payee" on all borrower's insurance with a Certificate of Insurance provided by the borrower at the time of the loan closing; and

   ii) The amount(s) advanced under the loan will be based on the bill of sale; black book value; NADA Book; Autoniq; value or in other manner reasonably determined by the Lender and in the Lender's sole and absolute discretion.

5. **Default Rate, Late Fee.**
   a. Following the occurrence of an Event of Default (as defined below), any advance made by the Lender in the exercise of its rights under the Loan Documents, and any principal or accrued interest not paid when due, shall bear interest at the per annum rate equal to the aggregate of the contract rate of interest then in effect under this Note above plus three percent (3.00%) (the "Default Rate").
   b. The Borrower shall pay a late charge equal to five percent (5.00%) of any payment not received within ten (10) days after its due date. Such late fee shall be in addition to and separate from any increase in interest due hereunder as a result of the interest being calculated at the Default Rate.

6. **Application of Payments.**
   Any payments received by the Lender on account of this Note prior to demand or acceleration shall be applied first, to any costs, expenses, or charges then owed the Lender by the Borrower, second, to accrued unpaid interest, and third, to the unpaid principal balance hereof. Any payments so received after demand or acceleration shall be applied in such manner as the Lender may determine. The Borrower hereby authorizes the Lender to charge any deposit account which the Borrower has identified and selected for any payment required hereunder.

7. **Security Agreement.**
   This Note is secured by, inter alia, that certain Collateral Assignment of Title (as amended from time to time, the "Title Assignment") of even date herewith, covering certain property that may be acquired by the Borrower.

8. **Event of Default, Acceleration of Maturity Date.**
   a. <u>Event of Default</u>. Each of the following events shall constitute an "Event of Default" under this Note:
      i. the Borrower's failure to pay any installment of principal or interest hereunder within fifteen (15) days of the due date; or

Initials: *f.V.*

    ii. The occurrence of any other "Event of Default" defined in the Collateral Assignment of Title/ Security Agreement.
    iii. Any and All motor vehicles acquired in whole or in part by any funds advanced under this Note shall be located and stored at the Borrower's place of business located at 161 Broadway Somerville Ma 02145 or 35A Everett Ave Everett Ma 02149 unless prior written notice and approval is obtained from the Lender. Failure to so abide shall be considered a Default under this Note.

  b. **Acceleration.** Following the occurrence of an Event of Default, the Lender at its option, may declare the entire unpaid principal balance of this Note and accrued unpaid interest thereon to be immediately due and payable without demand, notice or protest (which are hereby waived), and the Lender may proceed to exercise any rights and remedies available to the Lender under the Assignment Agreement, and to exercise any other rights and remedies against the Borrower which the Lender may have at law, in equity or otherwise.

  c. **Nature of Lender's Remedies.** The rights and remedies of the Lender as provided in this Note, the Security Agreement and the other Loan Documents, shall be cumulative and concurrent, and may be pursued singly, successively or together, at the sole discretion of the Lender. No delay or omission by the Lender in exercising or enforcing any of the Lender's powers, rights, privileges, remedies, or discretions hereunder shall operate as a waiver thereof on that occasion nor on any other occasion. No waiver of any default hereunder shall operate as a waiver of any other default hereunder, nor as a continuing waiver.

  d. **Payment of Lender's Expenses.** The Borrower and all endorsers and guarantors of this Note shall pay all reasonable costs and expenses of the Lender in connection with the Lender's protection or enforcement of its rights under this Note and the other Loan Documents, including, without limitation, the Lender's reasonable attorneys fees, costs and expenses.

9. **Collateral, Set-Off.**
Any and all collateral or other sums at any time credited by, order to the Borrower from the Lender shall at all times constitute security for any and all Secured Obligations (as such term is defined in the Security Agreement), and may be applied or set off against such Secured Obligations at any time, whether or not the Secured Obligations are then due or whether or not other collateral is available to the Lender..

10. **Waiver.**
The Borrower, and each endorser and guarantor of this Note, respectively waives presentment, demand, notice, and protest, and also waives any delay on the part of the holder hereof. Each assents to any extension or other indulgence (including, without limitation, the release or substitution of collateral) permitted the Borrower or any endorser or guarantor by the Lender with respect to this Note and/or any collateral given to secure this Note or any extension or other indulgence, as described above, with respect to any other Secured Obligation or any collateral given to secure any other Secured Obligation of the Borrower or any endorser or guarantor to the Lender.

11. **Excessive Interest and/or Fees.**


Initials

If, at any time, the interest rate or the amount of any fee or penalty required to be paid in connection with this Note shall be determined by the final, non-appealable order or decision of any competent court of law, governmental agency or other tribunal to exceed the maximum allowable rate for interest or amount for fees or penalties, then, during such time as such interest, fees or penalties is determined to be excessive, such interest rate, fees or penalties shall be automatically deemed to be the maximum amount permitted by law, and any payments of interest, fees or expenses which were previously collected by the Lender in excess of the maximum rate or amount shall be deemed a voluntary prepayment of principal.

12. **Notices.**
All notices required or permitted to be given hereunder shall be in writing and shall be deemed to have been properly given if delivered to the persons and in the manner specified in the Security Agreement.

13. **Successors and Assigns.**
This Note shall be binding upon the Borrower and each endorser and guarantor hereof and upon their respective heirs, successors, assigns, and representatives, and shall inure to the benefit of the Lender and its successors, endorsees, and assigns.

14. **Joint and Several Liability.**
The liabilities of the Borrower and any endorser or guarantor of this Note are joint and several; provided, however, the release by the Lender of the Borrower or any one or more endorser or guarantor shall not release any other person obligated on account of this Note. Each reference in this Note to the Borrower, any endorser, and any guarantor, is to such person individually and also to all such persons jointly.

15. **Waiver/Jury Trial.**
The undersigned makes the following waiver knowingly, voluntarily, and intentionally, and understands that the Lender, in the establishment and maintenance of the Lender's relationship with the undersigned contemplated by the within Note is relying thereon. THE UNDERSIGNED, TO THE EXTENT ENTITLED THERETO, WAIVES ANY PRESENT OR FUTURE RIGHT OF THE UNDERSIGNED, OR OF ANY GUARANTOR OR ENDORSER OF THE UNDERSIGNED OR OF ANY OTHER PERSON LIABLE TO THE LENDER ON ACCOUNT OF OR IN RESPECT TO THE LIABILITIES, TO A TRIAL BY JURY IN ANY CASE OR CONTROVERSY IN WHICH THE LENDER IS OR BECOMES A PARTY (WHETHER SUCH CASE OR CONTROVERSY IS INITIATED BY OR AGAINST THE LENDER OR IN WHICH THE LENDER IS JOINED AS A PARTY LITIGANT), WHICH CASE OR CONTROVERSY ARISES OUT OF, OR IS IN RESPECT TO, ANY RELATIONSHIP AMONGST OR BETWEEN THE UNDERSIGNED, ANY SUCH PERSON, AND THE LENDER.

16. **Jurisdiction.**
The undersigned and each endorser and guarantor of this Note each submits to the jurisdiction of the courts of The Commonwealth of Massachusetts for all purposes with


Initials

respect to this Note, any collateral given to secure their respective liabilities, obligations and indebtedness to the Lender, and their respective relationship with the Lender.

17. **Governing Law.**
This Note is delivered to the Lender at one of its offices in Massachusetts, shall be governed by the laws of the Commonwealth of Massachusetts, and shall take effect as a sealed instrument. The Borrower and each endorser and guarantor of this Note each submits to the jurisdiction of the courts of the Commonwealth of Massachusetts for all purposes with respect to this Note, any collateral given to secure the respective liabilities, obligations and indebtedness to the Lender, and their respective relationship with the Lender.

18. **Captions.**
The captions used herein are for convenience of reference only and shall have no force or effect in the interpretation of any provision of this Note.

Executed as a Massachusetts sealed instrument as of the date first written above.

_____          _____
Witness                        Edgard Vasques de Miranda Neto,
                               Individually
                               DBA Stadium Auto Sales
                               DBA PJ Auto Sales

_____
Witness

_____          _____
Witness                        By its authorized Agent
                               Edgard Vasques de Miranda Neto
                               DBA Stadium Auto Sales
                               DBA PJ Auto Sales

_____
Witness

Shamrock Finance LLC | COMMERCIAL PROMISSORY NOTE

OTHER PROVISIONS:

No more then three titles may be borrowed at Any one time.

All trade in values will be based on AUTONIQ
Average trade in value

Paragraph 3 will not apply

Initials: E.N.