# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 16-10026 -MSH |
| Edgard Vasques de Miranda Neto | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
| Shamrock Finance LLC | ) |  |
| Plaintiff | ) | Adversary Proceeding |
|  | ) | No. 16-01077 |
| v. | ) |  |
|  | ) |  |
| Edgard Vasques de Miranda Neto | ) |  |
| Defendant | ) |  |
|  | ) |  |

## PRETRIAL ORDER

1.   The Court enters this order in an effort to expedite the disposition of this matter, discourage wasteful pretrial activities and improve the quality of the trial through thorough preparation. The parties are strongly urged to consider resolving their dispute by mediation.

2.   The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, made applicable to this proceeding by Fed. R. Bankr. P. 7026, but in no event later than thirty (30) days from the date of this Order.

3.   The parties shall file within fourteen (14) days of the Rule 26(f) conference a certification that the Rule 26(f) conference has taken place, as well as a joint discovery report outlining a proposed discovery plan, which plan shall comply with the discovery deadline set forth below and include all topics covered by Rule 26(f). **If the parties' discovery plan is not consistent with the discovery deadline set forth below, they must file a separate discovery plan along with a motion for approval.**

  (A)   The joint discovery report shall state that the parties have complied with the automatic disclosure provisions of Rule 26(a)(1) and (2) or contain an explanation of why the parties have not yet complied as well as a description of what actions the parties are taking to comply with Rule 26(a)(1) and (2).

(B)    The joint discovery report shall also contain the estimated length of trial.

(C)    The parties are under a duty to preserve evidence, including electronically stored information ("ESI") relevant to the issues raised by the pleadings. In the event discoverable information is electronically stored, the parties shall agree on an ESI plan at the initial conference, and shall include their ESI plan in the joint discovery report.

4.    The deadline for amending the pleadings and for joining other parties is    July 29, 2016    .

5.    Discovery shall be completed by   August 15, 2016   **unless the Court, upon appropriate motion, alters the time and manner of discovery.**

(A)    Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), discovery in this proceeding shall be proportional to the issues presented in the case.  The parties and counsel shall cooperate during all aspects of discovery.

(B)    Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted, in good faith, to resolve the dispute informally, and, in the event a consensual resolution cannot be reached, has requested a pre-motion discovery conference with the court to attempt to resolve the dispute. A party seeking a pre-motion discovery conference with the Court shall file a request for scheduling of a discovery conference, which shall include a summary of the dispute and the parties' efforts to resolve it informally and which shall NOT contain argument. No response to a request for a discovery conference may be filed without leave of court. In the event the Court is required to take action on a discovery motion, the successful party may be awarded the fees and costs in connection with the discovery motion to be paid by the unsuccessful party or its counsel as the circumstances may warrant.

(C)    Counsel are reminded that pursuant to Local Rule 7026-1(c), all discovery motions must be accompanied by a certification that the moving party has made a reasonable good faith effort to reach an agreement with the opposing party on the matter that is the subject of the motion.

6.    The parties are ordered to file by   October 12, 2016   , a Joint Pretrial Memorandum signed by all counsel and unrepresented parties, which shall supersede the pleadings to the extent of any inconsistencies and govern the course of the trial and which shall set forth the following;

(A)     A statement as to the Court's jurisdiction as to each count of the complaint (or amended complaint, if applicable) and a statement as to whether the parties consent to the entry of a final order on each count by this Court.

(B)     In the event any party has demanded a jury trial, the parties shall include:

      i.     a statement by the party(ies) demanding a jury trial as to the specific counts to which the jury demand applies;

      ii.     a statement by each party, pro or con, as to the legal authority for the right to a jury trial; and

      iii.     a statement as to whether all parties consent to the bankruptcy court's conducting a jury trial.

(C)     The name, address and telephone number of each witness, separately identifying those whom each party expects to present and those whom each party may call if the need arises, together with any objection to the witness.

(D)     A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony, together with any objection to such testimony.

(E)     A list of witnesses intended to be called as experts, together with any statement(s) as to an objection to their qualification.

(F)     An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which each party expects to offer and those which each party may offer if the need arises.

      **i.     Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Judge, the Courtroom Deputy, the Law Clerk, the witness and all counsel.  Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial.**

      **ii.     Judge Hoffman's Courtroom is equipped with an electronic evidence presentation system for your ease and convenience in displaying trial exhibits. We invite all attorneys to make use of this equipment. Please contact Regina Brooks for the particulars and a demonstration.**

      **Regina_brooks@mab.uscourts.gov or (617) 748-5337.**

(G)   A statement confirming that the parties have exchanged copies of the exhibits.

(H)   A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(I)   A statement indicating the parties' position on attempting to resolve their dispute by mediation. In the event that parties agree to mediation, the Court will liberally consider any motion to postpone the trial to accommodate mediation.

(J)   Facts which are admitted and which require no proof.

(K)   The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).

(L)   The issues of law to be determined.

(M)   A brief statement summarizing the Plaintiff's case.

(N)   A brief statement summarizing the Defendant's case.

(O)   A statement acknowledging that the Joint Pretrial Memorandum supersedes the pleadings in the case to the extent of any inconsistencies and governs the course of the trial.

(P)   **Any revisions of the estimated length of trial since the filing of the written report required under ¶3 above.**

7.   Disclosures as required under Fed. R. Bankr. P. 7026(a)(2) relating to expert witnesses shall made at least fourteen (14) business days prior to the time fixed for the filing of the Joint Pretrial Memorandum, unless another time or sequence is set by the Court.

8.   Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial. Counsel may be required to submit proposed findings of fact and conclusions of law at the conclusion of trial.

9.   A pretrial conference or trial may be scheduled after the filing of the Joint Pretrial Memorandum.

10.   In the very rare instance when, despite the parties' conscientious and good faith efforts, the parties cannot agree on a Joint Pretrial Memorandum, then each shall file,

by the date for the filing of the Joint Pretrial Memorandum, a separate Pretrial Memorandum that conforms to the requirements set forth in this order which shall include a statement setting forth a compelling reason why a joint pretrial memorandum could not be filed. The parties shall also, nonetheless, file a Joint Pretrial Memorandum including as much of the required information set forth in this Order as possible — even if they cannot agree on all portions and wish to file individual submissions with respect to the disputed portions.

11.    Any dispositive motions must be filed no less than seven (7) business days prior to the date fixed for the filing of the Joint Pretrial Memorandum or the relief sought in such motions shall be deemed to have been waived. In the event a party files a dispositive motion by this deadline, the date for filing the Joint Pretrial Memorandum shall be automatically extended. In the event the court denies the motion, the Joint Pretrial Memorandum shall be due 30 days after entry of the court's order denying the motion.

12.    Failure to strictly comply with all of the provisions of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

13.    Additional provisions:


At Boston, Massachusetts this 14th day of June, 2016.



By the Court,



_____
Melvin S. Hoffman
U.S. Bankruptcy Judge